IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br>for the use of<br>TRINITY INDUSTRIAL SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, and<br>BENHAM CONSTRUCTORS, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:12-CV-203(MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on the Defendants' Joint Motion to Transfer or Dismiss. (Doc. 8). For the reasons discussed below, the Motion is **DENIED**.

**I.   PROCEDURAL AND FACTUAL HISTORY**

On October 27, 2010, Trinity Industrial Services, LLC ("Trinity") entered into a subcontract with Benham Constructors, LLC ("Benham") to provide portions of the labor and materials requirements of Benham's contract with the United States government. (Doc. 1 at ¶ 12). Benham contracted with the federal government to construct, alter, or repair the Advanced Metal Plating Facility at Robins Air Force Base in Warner Robins, Georgia. (Doc. 1 at ¶ 10). Because Benham contracted to construct a public building and the contract exceeded $2,000, Benham executed a payment bond with Federal Insurance Company ("FIC") to protect anyone supplying labor and materials under Benham's contract. (Doc. 1 at ¶ 11).

A dispute arose between Trinity and Benham over the rate at which Trinity was to be paid for soil disposal.  Trinity alleges that Benham stopped paying Trinity after the dispute arose and otherwise interfered with Trinity's ability to perform the contract. (Doc. 1 at ¶¶ 21, 24).  Benham's failure to pay led to Trinity's inability to pay its own subcontractors.  (Doc. 1 at ¶ 30).  Benham eventually instructed Trinity to leave the job site, and Trinity did so.  (Doc. 1 at ¶ 31).

Trinity filed this action for a payment bond claim pursuant to The Miller Act, 40 U.S.C. §§ 3131-3134.  Trinity also alleged an alternative breach of contract claim as well as claims for attorney's fees and interest.  Benham and FIC (the "Defendants") filed a Joint Motion to Transfer or Dismiss asking the Court to transfer the case to the Western District of Oklahoma pursuant to a forum selection clause found in the subcontract between Trinity and Benham.  If the forum selection clause is found to be inapplicable to the Miller Act and transfer, therefore, inappropriate, the Defendants request that the state law claims be dismissed and the Miller Act claim stayed until the state law claims have been decided in the proper forum.

## II.  DISCUSSION

### A.  Motion to Transfer

The Defendants' Motion to Transfer, although properly based on 28 U.S.C. § 1404(a),[1] relies solely on the forum selection clause, rather than the typical § 1404(a) argument that transfer to a more convenient forum is appropriate.  Thus, the appropriate initial inquiry for the Court is whether Trinity's claims are in fact subject to the forum selection clause.  The Eleventh Circuit has held forum selection clauses to be

---

[1] In the Eleventh Circuit, a motion to transfer to enforce a forum selection clause is properly decided pursuant to 28 U.S.C. § 1404(a). *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1333 (11th Cir. 2011).

"presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011) (quoting *Krenkel v. Kerzner Int'l Hotels, Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)).  However, "the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *P&S Bus. Machs.*, 331 F.3d at 807 (quoting *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).

Although the Miller Act vests venue in the "United States District Court for any district in which the contract was to be performed and executed,"[2] the Miller Act's venue provision is "merely a venue requirement" and not jurisdictional. *F.D. Rich Co. v. U.S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 125 (1974). The Eleventh Circuit has held that the Miller Act's venue provision may be varied by a valid forum selection clause. *In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir. 1979).[3]  Although venue may be altered, federal courts have exclusive jurisdiction over Miller Act claims. *U.S. Fid. & Guar. Co. v. Hendry Corp.*, 391 F.2d 13, 18 (5th Cir. 1968).

The forum selection clause at issue is located in Paragraph 30(e) of Trinity and Benham's Subcontract Agreement and provides:

> Unless otherwise required by the Contract, any suit, action or proceeding initiated by one of the parties against the other on any matter arising out of this Subcontract shall be filed and maintained in the state district court located in Oklahoma City, Oklahoma County, Oklahoma, or at Contractor's option and discretion, in the same state judicial district as, or nearest to, the project site; provided however, that this shall not constitute

---

[2] 40 U.S.C. § 3133(b)(3).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> a waiver by a party against whom such action or proceeding is filed of any statutory right which such party may have to transfer or remove such suit, action or proceeding to the federal court in that district.

(Doc. 1-1 at 12). Trinity argues that the clause is facially invalid because it mandates that all claims arising out of the subcontract be filed in state court and thus effectively precludes the ability to bring a Miller Act claim, which must be filed in federal court. The Defendants argue that the clause does in fact contemplate an action *proceeding* in federal court because the clause allows a defendant to transfer or remove the suit to a federal court.

Clearly, however, the forum selection clause does not contemplate *bringing* a claim in federal court. The Defendants state that the clause would allow Trinity to remove to federal court and bring its Miller Act claim in the federal forum if Benham first asserted claims against Trinity in Oklahoma state court. This means, of course, Trinity would have to wait until it was sued in Oklahoma state court to assert its claims. The Defendants do not suggest a manner by which the forum selection clause allows Trinity to first assert its Miller Act claim, in addition to claims not subject to the exclusive jurisdiction of the federal courts, as it clearly wishes to do. Because the forum selection clause does not provide for bringing a Miller Act claim in federal court, the Court must determine whether this omission renders the clause invalid.

The Court has found no Eleventh Circuit authority on this issue. Trinity cites *U.S. for Use of B&D Mechanical Contractors, Inc. v. St. Paul Mercury Insurance Co.*, 70 F.3d 1115 (10th Cir. 1995), to support its contention that a forum selection clause that mandates filing in a state court forum only precludes the clause's enforceability to a Miller Act claim. The Defendants contend that many courts presented with this problem

(i.e., a plaintiff attempting to bring a Miller Act claim when the forum selection clause in the underlying contract does not explicitly provide for a federal forum) have concluded that transfer is still appropriate. Most of the cases cited by the Defendants are inapposite because the forum selection clauses at issue specified only the geographic location for bringing a claim but did not explicitly exclude filing in federal court. However, one case, *Arrow Plumbing and Heating, Inc. v. North American Mechanical Services Corp.*, 810 F. Supp. 369 (D.R.I. 1993), merits discussion. *Arrow Plumbing* and *B&D Mechanical* analyze the impact of identical forum selection clauses on the appropriate venue for proceeding on a Miller Act claim but reach seemingly opposite conclusions.

In *B&D Mechanical*, the forum selection clause at issue stated: "The Subcontract Agreement and any claims arising under it shall be governed by the laws of the State of Texas and exclusive venue shall be proper in Bexar County, Texas." 70 F.3d at 1116. The Tenth Circuit first held that the Miller Act venue provision may be changed by a valid forum selection clause. *Id.* at 1117. Relying on basic contract interpretation principles and the fact that the parties seeking enforcement of the clause admitted that it designated a state court forum only, the court held: "The parties selection of a state court forum is fatal to the clause's enforceability." *Id.* The Tenth Circuit denied the parties seeking enforcement the ability to select an alternate forum, stating "neither they nor we can rewrite the subcontract to choose a valid forum for them." *Id.* at 1118. Once the court determined that the clause was "void and unenforceable," it found the Miller Act's venue provision controlled, and, thus, the case had to proceed in the federal district where the contract was performed. *Id.*

The court in *Arrow Plumbing* took a different approach.  Like the Tenth Circuit, the court first concluded that the Miller Act's venue provision could be waived by a valid forum selection clause.  *Id.* at 371.  Rather than analyzing the facial validity of the clause, however, the court focused on whether the clause was unreasonable and addressed the plaintiff's arguments of inconvenience and whether transfer would be a violation of public policy.[4]  *Id.* at 372.  Finding that transfer was neither a grave inconvenience nor a violation of public policy, the court transferred the case to the federal district encompassing Bexar County, Texas, not the state forum mandated in the contract.  *Id.* at 373.  Thus, the court never addressed the impact of a state court only forum selection clause and, in effect, transferred to another district court based on 28 U.S.C. § 1404(a) factors.  Perhaps this was because the forum selection clause in *Arrow Plumbing*, and *B&D Mechanical*, did not specifically mention state court.  Rather, the forum selection clauses defined venue in a way that, at least to the Tenth Circuit, necessarily meant the action had to be filed in state court.  Presumably, the court in *Arrow Plumbing* reached the contrary conclusion given that it transferred the case to another federal district court.  Here, however, the forum selection clause leaves no room for interpretation – the action must be filed in the "state district court located in Oklahoma City, Oklahoma County, Oklahoma, or at Contractor's option and discretion, in the same state judicial district as, or nearest to, the project site."

The Defendants argue that *B&D Mechanical* is not binding on this Court and distinguishable because the forum selection clause at issue in that case "provided no

---

[4] Notably, the plaintiff in *B&D Mechanical* also raised the issue of whether the forum selection clause was unreasonable given the particular facts of the case.  70 F.3d at 1116.  The Tenth Circuit held that the issue of reasonableness was moot because the forum selection clause was simply invalid.  *Id.* at 1118.

avenue by which a party could litigate in federal court." (Doc. 10 at 4).  Obviously, *B&D Mechanical* is not binding precedent on the Eleventh Circuit.  However, the Court finds its reasoning persuasive.  Although the forum selection clause in this case contemplates the possibility of eventually ending up in federal court, it does not provide an avenue to file a claim in federal court.  Even more certainly than the clause at issue in *B&D Mechanical*, the clause here "attempts to divest the federal courts of their exclusive jurisdiction."  *Id*.  The fact that the clause here provided for transfer or removal of claims brought in state court to federal court has no bearing on the issue of the clause's validity as applied to Trinity's Miller Act claim.  Trinity could not have brought its Miller Act claim in state court in the first place.  Thus, the Court finds the forum selection clause to be invalid as it applies to Trinity's Miller Act claim.  The Court agrees with the Tenth Circuit that the Miller Act's venue provision is controlling upon the finding of an invalid forum selection clause.  Trinity and Benham's subcontract was performed within this district.  Thus, Trinity's Miller Act claim is subject to the jurisdiction of this Court pursuant to 40 U.S.C. § 3133.[5]

### B.    Motion to Dismiss

The Defendants argue that even if the Court were to find the forum selection clause invalid as it applies to the Miller Act claim, the clause is still enforceable as to Trinity's three state law claims.  The Defendants contend that the appropriate course is to dismiss the state law claims and stay the Miller Act claim pending the outcome of the state law claims in the appropriate forum.  The Defendants cite no authority, Eleventh

---

[5] As noted, the Defendants' Motion to Transfer is based solely on the forum selection clause and not on the argument that the Western District of Oklahoma is a more convenient forum.  Based on the allegations of the Complaint, it appears the Middle District of Georgia is clearly the more convenient forum.

Circuit or otherwise, to support their assertion that a forum selection clause rendered void and unenforceable as to one claim should still be enforced as to the remaining claims.  Because applying the forum selection clause to dismiss the state law claims while the Miller Act claim remains pending would be an unreasonable result, the Court finds that the clause should not be enforced against Trinity's state law claims either.

The Defendants further contend that the Miller Act claim is derivative of the state law claims, and the amount of liability of the surety under the Miller Act claim is dependent upon first finding the extent of the principal's liability on the underlying contract.  Thus, the Defendants conclude, dismissal of the state law claims is appropriate here because Trinity must "demonstrate an inability or refusal by Benham to pay" any award based upon a state law claim before pursuing a Miller Act claim against FIC as the surety.  (Doc. 10 at 9).

The Defendants' assertions are incorrect.  A Miller Act claim is separate and not derived from a breach of contract claim.  A plaintiff may successfully assert a Miller Act claim independent of any state law claims or simultaneously pursue state law claims with its Miller Act claim.  Although the extent of the surety's liability may be premised on the breach of the subcontract, a subcontractor-plaintiff may pursue a Miller Act claim against the surety alone without joining the contractor or vice versa.  *See U.S. for Use of Henderson v. Nucon Constr. Corp.*, 49 F.3d 1421, 1423 (9th Cir. 1995) ("[A]ll courts to consider the question have concluded that a surety alone may be sued by a subcontractor under the Miller Act."); *U.S. for Use and Benefit of Apex Roofing and Insulation, Inc. v. Union Indem. Ins. Co.*, 865 F.2d 1226, 1227 (11th Cir. 1989) (stating that a subcontractor could proceed against the contractor alone on a Miller Act claim);

*U.S. for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (noting that the Miller Act confers a right to sue on the payment bond "independent of any right to sue the contractor").

Here, Trinity has elected to pursue a Miller Act claim against both Benham and FIC as well as an alternative claim of breach of contract against Benham. Benham and FIC may be held jointly and severally liable for Trinity's Miller Act claim. Thus, Trinity would not have to show that Benham could not or refuses to pay to recover from FIC, and Trinity does not have to exhaust its state law claims before proceeding with its Miller Act claim.

The Defendants also argue that the case before the Court is analogous to cases where courts have stayed Miller Act claims pending the outcome of arbitration on the underlying dispute between the contractor and subcontractor pursuant to an arbitration provision in the subcontract. Trinity contends that the cases cited by the Defendants to support this proposition are distinguishable because the Federal Arbitration Act, in fact, mandates a stay and public policy favors arbitration.

Although a valid and enforceable mandatory arbitration clause may require a court to stay the Miller Act claim against the surety pending the outcome of arbitration proceedings between the subcontractor and contractor, the Court finds the cases cited by the Defendants to be distinguishable from the issue at hand. The Defendants have not demonstrated to the Court that their forum selection clause should be enforced as to the state law claims when it has been found to be void and unenforceable as to the Miller Act claim. Furthermore, there is no statute on point requiring this Court to stay proceedings nor is there any public policy justification for doing so. Because the

Defendants have not shown that dismissal of Trinity's state law claims and a stay of Trinity's Miller Act claim are warranted, the Court will allow all claims to proceed in the interest of judicial economy.

### III.  CONCLUSION

For the foregoing reasons, the Defendants' Joint Motion to Transfer or Dismiss is **DENIED**.

**SO ORDERED**, this the 16th day of October, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
